```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JEFF SPRUILL                         :
                                     :
     Petitioner,                     :
                                     :
v.                                   :   Case No. 3:17-cv-1819 (RNC)
                                     :
UNITED STATES OF AMERICA,            :
                                     :
     Respondent.                     :
```

RULING AND ORDER

Petitioner Jeff Spruill, a former federal inmate, commenced this action while incarcerated seeking resentencing or a new trial pursuant to 28 U.S.C. § 2255 based primarily on ineffective assistance of counsel. Petitioner alleges that his trial counsel was ineffective in failing to object to the for-cause removal of a deliberating juror, failing to dispute the applicability of the Sentencing Guidelines' career offender enhancement, U.S.S.G. § 4B1.1, and failing to properly convey the terms of a plea offer. For reasons that follow, the petition is denied.

I.

Petitioner was convicted by a jury of possession with intent to distribute and distribution of cocaine (count one), and cocaine base (count two), possession with intent to distribute cocaine (count three), and unlawful possession of a firearm by a convicted felon (count four). The career offender

1

enhancement resulted in a Guidelines range of 210-240 months (the statutory maximum), which was excessive because the drug quantities involved in petitioner's offense conduct were relatively small and his longest prior term of incarceration (29 months) relatively short.  Applying the parsimony principle, I sentenced petitioner on each count to 120 months' imprisonment followed by 36 months of supervised release (the mandatory minimum on counts one, two and three), all to run concurrently.

On appeal, petitioner claimed that he had been deprived of a fair trial due to the removal of a deliberating juror after the jury disclosed that it was divided 11-1.  The Court of Appeals held that petitioner, through counsel, had waived appellate review of this claim by affirmatively agreeing to the juror's removal.  See United States v. Spruill, 808 F.3d 585, 598 (2d Cir. 2015).  In addition, petitioner claimed that the evidence was insufficient to support the verdicts of guilty on counts one, two and four, and that his Guidelines range had been improperly calculated due to the career offender enhancement.  The Court of Appeals rejected these claims.  United States v. Spruill, 634 Fed. App'x 312, 314-15 (2d Cir. 2015).

II.

To obtain habeas relief based on a claim of ineffective assistance of counsel, petitioner must satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984), which

2

requires him to prove that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) his counsel's deficient performance was prejudicial, resulting in "errors . . . so serious as to deprive [him] of a fair trial." Id. at 687-88, 698-700.  Under the performance prong, petitioner must overcome a presumption that his counsel's performance was "within the wide range of reasonable professional assistance." Id. at 689.  "As a general rule, a habeas petitioner will be able to demonstrate that trial counsel's decisions were objectively unreasonable only if 'there was no . . . tactical justification for the course taken.'" Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006) (quoting United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998) (per curiam) (internal alteration omitted)).  Under the prejudice prong, petitioner must demonstrate that "there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).  Failure to satisfy either prong requires dismissal of the claim.  Strickland, 466 U.S. at 697.

    A. Ineffective Assistance Based on Failure to Object to Removal of Juror

During voir dire, a member of the venire stated that she did "outreach in the prison systems in Hartford."  She was one of only two persons of color in the venire.  Petitioner at first

exercised a peremptory challenge against her, expressing concern that she was "a bit jaded" because of her work. However, he changed his mind and she wound up serving on the jury ("Juror 11").

During deliberations, the jury sent a note stating that it was divided 11-1 and requesting clarification on the law of constructive possession. In response to this note, the jury was given a standard instruction that a juror should not yield a conscientious view simply to arrive at a verdict. In reply, the jury asked for a definition of "conscientious view." With counsels' approval, the term was defined.

The jury then sent a second note stating that there was "one juror who feels in their gut that they have a conflict of interest. We need to understand how to proceed." In response to this note, the jury was given a definition of "conflict of interest."

In a subsequent note, Juror 11 expressed concern about having a bias as a result of her work with individuals in prison, and suggested it might make sense to replace her. Petitioner's counsel said the court "would need to inquire of her whether she can set aside the bias and deliberate."

Such an inquiry was undertaken. In response, Juror 11 confirmed that her employment experience was the source of her

4

concern. She was asked to think about whether she had a bias or just a different view of the evidence.

After a period of time for reflection, Juror 11 asked to be excused, citing her "difficulty in making a decision on a verdict based on feelings of sensitivity toward individuals who have similar cases to Mr. Spruill." All counsel agreed that Juror 11 should be dismissed for bias. I reached the same conclusion. An alternate joined the jury and deliberations began again.

Petitioner faults his counsel for "fail[ing] to object to the dismissal of [a] known deadlocking/dissenting juror who was also of the same ethnic background [as petitioner]." However, any such objection would have been futile. Rule 23(b) of the Federal Rules of Criminal Procedure authorizes removal of a deliberating juror "for just cause." Juror 11's request to be excused due to her inability to put aside feelings of sympathy required her removal. I regretted losing her as a juror, especially since she was the only person of color on the jury. But her inability to judge the evidence impartially left me with no alternative.

The Second Circuit has held that counsel cannot "have been ineffective for failing to take action that would have been futile." United States v. Abad, 514 F.3d 271, 276 (2d Cir. 2008). Failure to take action that would have been futile bears

5

on both prongs of Strickland: it is not objectively unreasonable for a lawyer to refrain from making a futile objection; nor can it result in prejudice. See Blue v. United States, 2012 WL 2175783, at *5 (W.D.N.Y. Feb. 14, 2012) (rejecting ineffective assistance claim for failure to request the removal of a hostile juror when court had already determined that juror could act impartially). In this case, petitioner's counsel might well have recognized that an objection to removal of Juror 11 would have been futile. See Spruill, 808 F.3d at 599 ("[Petitioner's] counsel may simply have recognized that the juror's final response acknowledged an extrinsic bias that compelled removal."). In any event, his failure to object does not provide a basis for habeas relief under Strickland.

### B. Ineffective Assistance Based on Failure to Object to Career Offender Enhancement

Petitioner next alleges that his counsel rendered ineffective assistance in failing to argue that his prior convictions for sale of narcotics in violation of Conn. Gen. Stat. § 21a-277(a) could not be counted as "controlled substance offenses" for purposes of the career offender enhancement. Specifically, he faults his counsel for failing to make arguments under Descamps v. United States, 570 U.S. 254 (2013), and Alleyne v. United States, 570 U.S. 99 (2013). In effect, he argues that his counsel should have predicted Mathis v. United

6

States, 136 S. Ct. 2243 (2016), which built on Descamps and Alleyne.  The Government responds that this claim fails to satisfy either prong of Strickland.  I agree.

Assuming that as a result of Mathis, petitioner's prior drug felonies no longer qualify as predicate offenses for purposes of the career offender enhancement,[1] it was not objectively unreasonable in 2013 for his trial counsel to fail to predict this change in the law.  See Hancock v. United States, No. 3:14-cv-1751(VAB), 2019 WL 418093, at *9 (D. Conn. Feb. 1, 2019) (holding that in 2012 it was objectively reasonable for counsel to view prior conviction for possession with intent to sell narcotics as predicate offense for career offender enhancement).  Moreover, no prejudice resulted from counsel's failure to object to the career offender enhancement. Had petitioner not been classified as a career offender, and had none of his prior convictions been classified as "controlled substance offenses," his guidelines range would have dropped to 130-162 months.  But he was sentenced to 120 months, still below the bottom of that range, in accordance with the parsimony principle.[2]  Because I determined that a sentence of 120 months

---

[1] In fact, the merits of petitioner's Mathis claim are not "straightforward."  Parker v. Hazelwood, Civil No. 17-cv-484-LM, 2019 WL 1748150, *5 & n. 7 (D.N.H. March 19, 2019).
[2] As I explained to petitioner at the time:

7

was "necessary" and not "harsher than necessary," petitioner would not have received a lesser sentence in any event.[3]

### C. Ineffective Assistance Based On Failure to Convey Plea Offer

---

> I agree with [your counsel] that the Guidelines range [of 210-262] is excessive mainly because the longest prior sentence you served was 29 months and, as I mentioned, you're not a drug kingpin and you have no record of violence.
>
> So I'm going to . . . impose a non-Guidelines sentence. I'm going to sentence you to 120 months and recommend to the Bureau of Prisons that you receive credit for the time you've spent in pretrial detention. I expect that you will get that credit if the state charges are nolled or dismissed, and at that point you will have 107 months in round numbers to serve.
>
> I think this sentence is necessary to impose just punishment, to protect society against further criminal activity on your part, and to deter others from engaging in criminal activity, without being harsher than necessary.

Transcript of Sentencing Hearing, United States v. Spruill, No. 13-cr-00023-RNC-1 (D. Conn. Dec. 12, 2013), ECF No. 68, at 21.

[3] As a separate ground for relief, petitioner claims that he should have been given the benefit of Mathis, which was decided after the Second Circuit affirmed the judgment but before his petition for certiorari was denied. The Government contends that this claim is procedurally defaulted because petitioner did not raise it on direct review – by supplementing his petition for certiorari - despite having ample time to do so. The Government's argument may be correct. See Walden v. United States, 63 Fed. App'x 568, 569 (2d Cir. 2003). But it is unnecessary to resolve this issue because, as discussed in the text, even assuming Mathis precludes application of the career offender enhancement, petitioner cannot prove that he would have received a shorter sentence.

8

Petitioner's final claim is that his trial counsel failed to inform him of a plea offer. In support of this claim, he alleges the following:

> Defendant asked trial counsel about a month before the trial about the plea offer and counsel stated, "one second," and as counsel looked through his briefcase, came up empty, and said "I can't find it, I must've left it at the office." After that the plea deal was never again raised between counsel and the defendant. Counsel's only discussion from then on was about how this trial was going to be his "big debut" in the federal courts.

ECF No. 1-3, at 4.

Petitioner also relies on the following exchange at a pretrial conference:

> THE COURT: Okay. What is Mr. Spruill looking at if he's convicted?
> MS. DYE: I believe he's looking at about five years.
>     (Pause)
> MS. DYE: We've calculated 70 to 87 months if he had pled, so it would be three additional points on top of that.

Transcript of Pretrial Conference, United States v. Spruill, No. 13-cr-00023-RNC-1 (D. Conn. Dec. 12, 2013), ECF No. 62, at 8. Petitioner alleges that he would have accepted a plea offer with an exposure of 70 to 87 months rather than risk far greater exposure by going to trial.

This claim does not provide petitioner with a basis for habeas relief. Even if there was a plea offer that petitioner's counsel failed to convey, the only part of petitioner's sentence

9

that remains to be completed is his three-year term of supervised release.  Had he accepted the alleged offer and pleaded guilty, the same term of supervised release would have been mandatory.  See 21 U.S.C. § 841(b)(1)(C).

## III.

Accordingly, the petition is hereby denied.  The clerk may close the case.

So ordered this 31st day of March 2022.


                                                 /s/ Robert N. Chatigny
                                                  Robert N. Chatigny
                                      United States District Judge